AMY J. LONGO (Cal. Bar No. 198304)
Email: LongoA@sec.gov
CHRISTOPHER A. NOWLIN (Cal. Bar No. 268030)
Email: NowlinC@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Alka N. Patel, Associate Regional Director
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Applicant,<br><br>vs.<br><br>JOHN MARK MARINO and JASON "JAI" JOHNSON,<br><br>Respondents. | Case No. 21-mc-1116<br><br>**SECURITIES AND EXCHANGE COMMISSION'S APPLICATION FOR AN ORDER TO SHOW CAUSE AND APPLICATION FOR AN ORDER COMPELLING COMPLIANCE WITH INVESTIGATIVE SUBPOENAS** |

## I. INTRODUCTION

1. The Securities and Exchange Commission ("SEC") hereby applies to this Court for an Order to Show Cause why an order should not issue requiring Respondents John Mark Marino ("Mr. Marino") and Jason "Jai" Johnson ("Mr. Johnson) to comply with investigative subpoenas to each of them issued on October 5, 2021 and properly served on them by the SEC.

2. This Application is based on the accompanying Declaration of Christopher A. Nowlin and its attached exhibits concerning relevant factual matters to this proceeding, the Memorandum of Points and Authorities filed in support of this Application, the Proposed Order to Show Cause, and the Proposed Order Compelling Compliance, each of which is filed concurrently, such matters of which judicial notice may be taken, and any other written or oral evidence as may be offered at a hearing on the Application.

## II. JURISDICTION AND VENUE

3. Jurisdiction is conferred upon this Court by Section 22(b) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §77v(b), and Section 21(c) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u(c).

4. Venue is proper in the Central District of California because the SEC's investigation is being carried out by the SEC's Los Angeles Regional Office, which is located within this Court's judicial district. *See* 15 U.S.C. § 78u(c).

## III. RESPONDENTS

5. **John Mark Marino** resides in Delray Beach, Florida. In March 2010, Marino, a disbarred Pennsylvania attorney, was criminally charged in the United States District Court for the District of South Carolina with wire fraud for making false statements while touting an investment scheme, which included Marino falsely assuming the identity of a New York attorney with the same last name. *See United States v. Marino*, 8:10-cr-00425-TMC (D.S.C.) (Dkt. 23, Apr. 23, 2010). Marino subsequently pleaded guilty to aggravated identity theft and was sentenced to two

years in federal prison. *United States v. Marino*, 8:10-cr-00425-TMC (D.S.C.) (Dkt. 66, Oct. 1, 2010).

6.     **Jason "Jai" Johnson** resides in Torrance, California.

## IV.    THE SEC'S INVESTIGATION

7.     On July 27, 2021, the SEC issued an Order Directing Private Investigation and Designating Officers to Take Testimony in an investigation titled *In the Matter of Global Private Investment Partners, LLC* (SEC File No. LA-5238) ("Formal Order").

8.     Among other things, the Formal Order empowers the SEC staff to investigate whether any persons or entities may have violated the antifraud and registration provisions of the federal securities laws. The Formal Order also designates and authorizes certain SEC staff to issue subpoenas in this investigation to obtain documents and to take testimony.

9.     Pursuant to Section 19(c) of the Securities Act, 15 U.S.C. § 77s(c), and Section 21(b) of the Exchange Act, 15 U.S.C. § 78u(b), the Formal Order designates and authorizes certain SEC staff to issue subpoenas in this investigation in order to obtain documents and to take testimony.

10.    As a result of Respondents' failure to provide documents or testimony in response to the October 5 subpoenas, the full scope of Respondents' securities sales activities is not yet clear. Through its investigation, however, the SEC staff has learned that Respondents were involved in raising $150,000 from an investor couple in March 2020 purportedly to fund the purchase or monetization of a supposed €1.5 billion medium-term note issued by an international bank. Respondents promised the investors exponential returns and guaranteed the safety of their investment, but Respondents never paid back the investors their invested principal, let alone any returns.

11.    Mr. Marino presented and described this investment opportunity to the investor couple. He also emailed to these investors a copy of an investment

agreement as well as a copy of the purported €1.5 billion medium-term note issued by an international bank that was the subject of the investment. Mr. Marino further directed the investors where to wire their $150,000 in investment funds in March 2020.

12.   Mr. Johnson likewise described the investment opportunity to the investor couple through both in-person and telephonic conversations, and he was present on multiple investor calls where Mr. Marino described the investment.

**V.    THE INVESTIGATIVE SUBPOENAS ISSUED BY THE SEC**

13.   In light of Respondents' status as individuals who raised money from investors purportedly to fund the monetization of a €1.5 billion medium-term note issued by an international bank, the SEC staff issued subpoenas to Respondents on October 5, 2021 (the "October 5, 2021 subpoenas"). These two subpoenas sought documents and testimony from Respondents, and they are the subpoenas that are the subject of this Application. The subpoenas were signed by a member of the SEC staff designated in the Formal Order and, in accordance with the SEC's Rules of Practice and its Rules Relating to Investigations, were served on Respondents at their places of residence via UPS overnight delivery.

14.   The SEC's subpoenas were tailored to obtain information regarding the $150,000 investment and the related medium-term note, as well Respondents' involvement with and efforts to raise money from other investors for similar purported transactions to purchase or monetize debt instruments. The subpoenas specifically requested Respondents' communications with the investors, each other, and other individuals believed to be involved with the investment and supposed note monetization effort. The subpoenas also requested documents concerning how Respondents used the investor funds and any compensation they received in connection with the investment. The subpoenas also required Respondents to appear for investigative testimony.

## VI. RESPONDENTS HAVE NOT PRODUCED RESPONSIVE DOCUMENTS OR APPEARED FOR TESTIMONY

### John Mark Marino

15. On October 6, 2021, Mr. Marino was served via UPS overnight mail with an investigative subpoena at what the SEC staff understands to be his place of residence. The subpoena required Mr. Marino to produce all documents responsive to the subpoena to the SEC by October 20, 2021, and to appear for testimony by audio-visual teleconference means, using the Webex internet platform, on October 26, 2021.

16. On October 6, 2021, Mr. Marino called the SEC staff and left a voice message that confirmed that he had received the SEC's October 5 subpoena to him. On this voice message, Mr. Marino indicated he could not produce any documents because he had lost them years ago, but he indicated that he would provide testimony or answer questions. Mr. Marino also indicated on this voice message that his wife was in the hospital.

17. On October 7, 2021, the SEC staff called back Mr. Marino, who indicated that he would be hiring counsel to represent him in the SEC investigation and specifically the Law Offices of Tamela King. Mr. Marino proceeded to conference onto the call an individual named Mark Friedman, who subsequently identified himself as someone who works with Tamela King. Mr. Friedman echoed Mr. Marino's statement that Mr. Marino would likely be retaining Ms. King as his attorney.

18. On October 7, 2021, the SEC staff sent Tamela King a secure email at the email address listed for her on her California State Bar attorney profile (the same email address that Mr. Friedman had provided for her) asking that Ms. King confirm whether she would be representing Mr. Marino in the SEC investigation. The SEC staff never received a response from Ms. King to this email.

19. On October 13, 2021, the SEC staff left Ms. King a voice message on

her office line again asking her to confirm whether she would be representing Mr. Marino in the SEC investigation. The SEC staff received no response.

20. On October 19, 2021, the SEC staff emailed Ms. King again asking her to confirm whether she would be representing Mr. Marino in this SEC investigation.

21. On October 19, 2021, the SEC staff received a voice message from Mark Friedman, who again identified himself as someone working for the Law Offices of Tamela King. Mr. Friedman indicated that Ms. King had been "under the weather" and that she was not sure she would be stepping in to represent Mr. Marino. Mr. Friedman said Ms. King would contact the SEC staff by "Friday morning" (the morning of October 22) to advise if she would be representing Mr. Marino.

22. On October 21, 2021, Mr. Marino emailed the SEC staff and stated that his attorney Tamela King had COVID, and he requested a 30-day extension on his deadlines to comply with the SEC subpoena.

23. On October 21, 2021, the SEC staff again emailed Ms. King asking her to confirm whether she was in fact representing Mr. Marino in the SEC investigation. The SEC staff also sent Ms. King a letter via UPS overnight mail to the physical address listed for her on her California State Bar attorney profile.

24. On October 21, 2021, Ms. King responded for the first time by email and stated that she would not be representing Mr. Marino in the SEC investigation but that she would be recommending him to another attorney.

25. On October 22, 2021, the SEC staff sent Mr. Marino a secure email advising him that Ms. King had informed the SEC staff she would not be representing him in the SEC investigation. In that letter, the SEC staff advised Mr. Marino that it could not grant him his requested extension but that it would hold off on taking steps to enforce the subpoena until October 29, 2021 and that Mr. Marino should have his attorney contact the SEC staff before then. On October 25, 2021, the SEC staff sent a letter via UPS overnight mail to Mr. Marino with this same message. The SEC staff did not hear back from Mr. Marino or any attorney representing him by October 29.

26. On November 3, 2021, the SEC staff sent Mr. Marino a letter via UPS overnight mail to his residential address. This November 3 letter stated that Mr. Marino had failed to comply with the subpoena and that the SEC would evaluate its remedies, which could include filing a subpoena enforcement action in federal court. The letter to Mr. Marino called for him to produce all responsive documents by November 12, 2021 and agree to make himself available for testimony on a mutually agreeable date on or before November 19, 2021. The letter noted that in the absence of agreement on a testimony date, Mr. Marino's testimony would take place on November 19, 2021 by audio-visual teleconference means, using the Webex internet platform. On November 4, the SEC staff received confirmation that this letter was delivered to Mr. Marino's residential address, and that same day the SEC staff emailed Mr. Marino a copy of the same letter via secure email.

27. On November 4, 2021, Mr. Marino responded to the SEC staff's email that sent the November 3 letter. Mr. Marino's email stated: "My Attorney will contact you in the next 48 hours as my firm has arranged counsel with the help of the Tamela King firm. My priority is my very ill wife now in rehab suffering from Parkinson's disease effects of 2 mini strokes , delusions dementia and a recent insertion of a pace maker during a 2 week hospital stay . There are no documents WHY? A long time ago the old computer was replaced and given to a Haitian aid after every e mail and document was deleted."

28. On November 16, 2021, after hearing nothing from Mr. Marino or any attorney representing him, the SEC staff emailed Mr. Marino a Webex invitation for his testimony scheduled to take place on November 19, per the SEC's November 3 letter to him.

29. On November 16, 2021, Mr. Marino responded to the SEC staff's Webex email invitation for his November 19 testimony with an email message that said, "Attorney Joel Farkas will call you this week and set up a time for phone interview."

30. On November 16, 2021, the SEC staff sent an email to Joe Farkas at the email address listed for him on his California State Bar profile and also a letter to the physical address listed for him on his California State Bar profile seeking confirmation as to whether he was representing Mr. Marino. Mr. Farkas never responded to the SEC staff.

31. On the morning of November 19, 2021, the day his testimony was scheduled, Mr. Marino sent the SEC staff an email that said, "My associates are arranging to day to have my counsel retained I am traveling The attorney will call you Monday and arrange a time."

32. On November 19, 2021, the SEC staff proceeded with Mr. Marino's testimony by audio-visual teleconference means, using the Webex internet platform, as it had repeatedly informed Mr. Marino it would do. Mr. Marino did not appear for his testimony on November 19, which the SEC staff noted for the record.

33. Since November 19, 2021, the SEC staff has heard nothing from Mr. Marino or any attorney representing him despite Mr. Marino's repeated representations that an attorney would soon be contacting the SEC staff on his behalf.

34. Mr. Marino has neither produced documents nor appeared for testimony as required by the October 5, 2021 subpoena to him.

Jason "Jai" Johnson

35. On October 6, 2021, Mr. Johnson was served via UPS overnight mail with an investigative subpoena at what the SEC staff understands to be his place of residence. The subpoena required Mr. Johnson to produce all documents responsive to the subpoena to the SEC by October 20, 2021, and to appear for testimony by audio-visual teleconference means, using the Webex internet platform, on October 25, 2021.

36. On October 20, 2021, the deadline to produce documents in the October 5 subpoena to him, Mr. Johnson responded to the SEC staff for the first time by sending both an email and by leaving a voice message, both of which confirmed that

he had received the SEC's October 5 subpoena. In these communications, Mr. Johnson requested an extension of time on the subpoena deadlines on the claimed basis that he was in the process of retaining an attorney. Mr. Johnson sent a similar email and left a similar voice message for the SEC staff on October 21, 2021.

37. On October 21, 2021, the SEC staff spoke on the phone with Mr. Johnson. On that October 21 call, Mr. Johnson again stated that he needed an extension of the subpoena deadlines so that he could retain counsel. The SEC staff indicated to Mr. Johnson that it could not grant a formal extension but that as a courtesy it would agree to hold off on taking steps to enforce the subpoena for one week so that Mr. Johnson could retain counsel. The SEC staff sent Mr. Johnson a secure email memorializing this conversation on October 22, 2021.

38. On October 25, 2021, the SEC staff sent Mr. Johnson a letter via UPS overnight mail again memorializing the SEC's staff's October 21 conversation with him and indicating that the SEC staff could not grant a formal extension but that it would hold off on taking steps to enforce the subpoena until October 29, 2021. The letter stated that Mr. Johnson should have any attorney representing him contact the SEC staff by October 29.

39. On October 29, 2021, Mr. Johnson emailed the SEC staff and confirmed that he had received the SEC's October 25 letter to him sent via UPS overnight mail. In this October 29 email, Mr. Johnson stated, "I am in the process of securing council at present. My attorney Jeffrey Feldman will contact you by Tuesday, November to discuss everything with you. Thank you."

40. On November 1, 2021, the SEC staff responded to Mr. Johnson's October 29 email and directed Mr. Johnson to have his attorney contact the SEC staff by November 2, 2021, stating that the SEC staff would proceed to take steps to enforce the subpoena as outlined in the SEC's October 25 letter if an attorney representing Mr. Johnson did not contact the SEC staff. The SEC staff never heard from any attorney representing Mr. Johnson.

41. On November 4, 2021, the SEC staff sent Mr. Johnson a letter to what it understands to be his residential address. This November 4 letter stated that Mr. Johnson had failed to comply with the subpoena and that the SEC staff would evaluate its remedies, which could include filing a subpoena enforcement action in federal court. The letter to Mr. Johnson called for him to produce all responsive documents by November 12, 2021 and agree to make himself available for testimony on a mutually agreeable date on or before November 17, 2021. The letter noted that in the absence of agreement on a testimony date, Mr. Johnson's testimony would take place on November 17, 2021 by audio-visual teleconference means, using the Webex internet platform. On November 5, the SEC staff received confirmation that this letter was delivered to Mr. Johnson's residential address, and that same day the SEC staff emailed Mr. Johnson a copy of the same letter via secure email.

42. On November 16, 2021, after hearing nothing from Mr. Johnson or any attorney representing him, the SEC staff emailed Mr. Johnson a Webex invitation for his testimony scheduled to take place on November 17, per the SEC's November 4 letter to Mr. Johnson.

43. On November 16, 2021, Mr. Johnson responded to the SEC's Webex invitation for his November 17 testimony with an email that stated: "I would rather have attorney representation before my testimony. I am not comfortable speaking before I have had a chance to speak with counsel. I couldn't retain counsel previously because of financial reasons. In the next week I will have the funds to retain counsel. I will be ready to move forward then. Thank you." Mr. Johnson proceeded to decline the Webex invitation for his November 17 SEC testimony.

44. On November 17, 2021, the SEC staff proceeded with Mr. Johnson's testimony by audio-visual teleconference means, using the Webex internet platform, as it had repeatedly informed Mr. Johnson it would do. Mr. Johnson did not appear for his testimony on November 17, which the SEC staff noted for the record.

45. Since November 16, 2021, the SEC staff has heard nothing from Mr.

Johnson or any attorney representing him despite Mr. Johnson's repeated representations that an attorney would soon be contacting the SEC staff on his behalf.

46. Mr. Johnson has neither produced documents nor appeared for testimony as required by the subpoena.

WHEREAS, the SEC respectfully requests that:

(a) this Court issue an Order to Show Cause forthwith: (i) directing the Respondents to show cause, if there be any, why this Court should not order the Respondents to produce all documents responsive to the October 5, 2021 subpoenas to a duly designated officer or officers of the SEC in the Formal Order, SEC File No. LA-5238, and (ii) directing Respondents to show cause, if there be any, why the Court should not order them to appear to testify before officers of the Securities and Exchange Commission pursuant to the October 5, 2021 subpoenas to them in the Formal Order, SEC File No. LA-5238;

(b) upon return of the Order to Show Cause, this Court issue an Order directing the Respondents to produce all documents responsive to the October 5, 2021 subpoenas, and directing Respondents to appear to testify before officers of the Securities and Exchange Commission pursuant to the October 5, 2021 subpoenas to them; and

(c) the SEC be granted such other and further relief as may be appropriate.

Dated: December 21, 2021                    Respectfully submitted,


                                             /s/ Amy J. Longo
                                            Amy J. Longo
                                            Christopher A. Nowlin
                                            Attorneys for Plaintiff
                                            Securities and Exchange Commission